UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>       Petitioner,<br> v.<br>SCOTT SPEER,<br><br>       Respondent. | CASE NO. 2:24-cv-02145-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS AS MOOT |

   This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 7.

## I. BACKGROUND

   Mr. Garvie, a state prisoner proceeding pro se, has filed yet another petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 4-2 at 1; Dkt. No. 7 at 1. Mr. Garvie challenges the judgment and sentence against him in Snohomish County Superior Court case number 06-1-01151-6. Dkt. No. 4-2 at 1–2. He alleges that he was denied his Sixth Amendment right to counsel at a critical stage of the prosecution against him. *Id.* at 6. He has submitted six proposed motions in conjunction with his petition: a Proposed Request for Certification, Dkt. No.

4-4; a Proposed Motion Requesting Brady Order, Dkt. No. 4-5; a Proposed Motion Requesting Stand-by Counsel, Dkt. No. 4-6; a Proposed Motion Requesting Judicial Notice, Dkt. No. 4-10; a Proposed Motion to Order to Show Cause, Dkt. No. 4-11; and a second Proposed Motion Requesting Judicial Notice, Dkt. No. 8.

In her R&R, Judge Fricke recommends that this matter be dismissed without prejudice for lack of jurisdiction because Mr. Garvie's petition is a successive petition that has not been authorized by the Ninth Circuit. *Id.* at 3.

Mr. Garvie objects to the R&R (1) "as a violation of 28 U.S.C. § 1915 based on the preliminary screening voidness of Article III authorization," (2) "as a violation of 28 U.S.C. § 636 based on failure to secure consent to entry of a decision on the [IFP] motion," (3) "as a violation of Habeas Rule 4 based on a defective service process not 'promptly presented to and examined by the judge to who it was assigned,'" (4) "as a violation to Habeas Rule 5 based on [Judge Fricke] asserting procedural defense rather than the proper respondent," (5) "as a violation of the 1st Amendment right to appeal the order on [IFP] motion . . . since magistrate orders are not appealable as a matter of right," (6) "as a violation of the 14th Amendment right to procedural due process based on circumventing the 28 U.S.C.S. § 2243 show cause requirement," (7) for "enter[ing] a 28 U.S.C. § 1915 determination," (8) for "fail[ing] to apply analysis pursuant to United States [Supreme] Court precedent," (9) for "misappl[ying] 28 U.S.C. § 2244(b)(3)(A) to a 28 U.S.C. § 2241[] [and] thus recharacterizing the petition without notice to a 28 U.S.C. § 2254," (10) for "fail[ing] to apply 28 U.S.C. § 2243[] and command the respondent to show cause," (11) for "assert[ing] a factual predicate in violation of 28 U.S.C. § 2244(b)(2)(B)(i)," and (12) for "fail[ing] to alert the [district] judge of numerous dispositive matters[.]" Dkt. No. 9 at 1–3.

## II. DISCUSSION

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis original)).

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Mr. Garvie's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

Because at least one of Mr. Garvie's previous petitions was denied on the merits, this petition qualifies as successive, and the Court is without jurisdiction to consider it because he has not obtained authorization from the Ninth Circuit to proceed. *See Cooper v. Calderon*, 274 F.3d 1270, 1273–74 (9th Cir. 2001) (per curiam); *McNabb v. Yates*, 576 F.3d 1029, 1029 (9th Cir. 2009) (noting that a habeas petition "is second or successive only if it raises claims that were or could have been adjudicated on the merits," and a disposition is "on the merits" if the court "either considers and rejects the claims or determines that the underlying claim will not be considered by

a federal court"). Specifically, Mr. Garvie has filed four previous petitions for writ of habeas corpus under § 2254. The first habeas petition was dismissed with prejudice as untimely because it was barred by the federal habeas corpus statute of limitations. *See Garvie v. Washington*, No. 2:18-cv-01371-JLR (W.D. Wash.) (filed Sept. 17, 2018), Dkt. Nos. 1, 9, 10, 13. His subsequent three habeas petitions were all dismissed as second or successive petitions. *Garvie v. Bennett*, No. 2:24-cv-00232-RAJ (W.D. Wash.) (filed Feb. 16, 2024), Dkt. Nos. 1, 8, 14; *Garvie v. Bennett*, No. 2:24-cv-00336-BHS (W.D. Wash.) (filed March 12, 2024), Dkt. Nos. 1, 4, 8; *Garvie v. Bennett*, No. 2:24-cv-01017-BHS (W.D. Wash.) (filed July 10, 2024), Dkt. Nos. 1, 9, 13. As with his second, third, and fourth habeas petitions challenging the same judgment, the current petition is considered successive for purposes of 28 U.S.C. § 2244(b). *See* 28 U.S.C. § 2244(a). This Court only retains jurisdiction to consider a successive petition if the Ninth Circuit Court of Appeals has expressly authorized it. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that the district court lacked jurisdiction to consider the merits of a second or successive petition absent circuit court authorization).[1] However, Mr. Garvie has not provided evidence of prior authorization from the Ninth Circuit to file the petition. Accordingly, this Court lacks jurisdiction to reach the merits.[2]

Ninth Circuit Rule 22-3(a) states that "[i]f an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice,

---

[1] Mr. Garvie asserts that the R&R incorrectly failed to conduct its "[s]uccessive analysis pursuant to 28 U.S.C. § 2244(b)" based on *Sanders v. United States*, 373 U.S. 1 (1963). Dkt. No. 9 at 2. However, Mr. Garvie does not elaborate on this argument, and as set forth above, the Court has determined de novo that his petition is second or successive.

[2] Mr. Garvie also asserts that the R&R failed to conduct a "[j]urisdiction analysis" pursuant to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) and *One Fair Wage, Inc. v. Darden Restaurants Inc.*, No. 21-16691, 2023 WL 2445690 (9th Cir. Mar. 10, 2023). Dkt. No. 9 at 2. However, this argument is unavailing because neither case concerns district courts' jurisdiction to hear habeas petitions from state prisoners, as is the situation here. As noted above, the habeas jurisdictional analysis hinges on the Supreme Court's instruction in *Burton* that circuit authorization to consider the merits of a successive habeas petition is necessary to establish jurisdiction. 549 U.S. at 157.

refer it to the court of appeals." However, the Circuit Advisory Committee Note for the rule also states that the court may, in the alternative, "dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12." The Court elects to follow the latter route.

Finally, the Court agrees with Judge Fricke that reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Dkt. No. 7 at 4. Accordingly, a certificate of appealability is not warranted.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Garvie's Objections, Dkt. No. 9, ADOPTS the Report and Recommendation, Dkt. No. 7, and DISMISSES Mr. Garvie's Petition for Writ of Habeas Corpus, Dkt. No. 4-2, without prejudice to Mr. Garvie seeking authorization from the court of appeals to file a successive habeas petition;

(2) A certificate of appealability is DENIED;

(3) The Court DENIES as moot Mr. Garvie's motion to proceed IFP and his other motions, Dkt. Nos. 1, 4-4, 4-5, 4-6, 4-10, 4-11, 8; and

(4) The Clerk is directed to send this Order to Judge Fricke and to Mr. Garvie; and to send Mr. Garvie a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12–Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 11th day of March, 2025.

Lauren King
United States District Judge