UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>            Petitioner,<br><br>    v.<br><br>SCOTT SPEER,<br><br>            Respondent. | CASE NO. 2:24-cv-02145-LK<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Petitioner Eugene Garvie's Motion for Relief from Judgment. Dkt. No. 23. For the reasons described below, the motion is DENIED.

## I.    BACKGROUND

On January 2, 2025, Mr. Garvie filed a motion to proceed in forma pauperis, Dkt. No. 4, a proposed petition for writ of habeas corpus, Dkt. No. 4-2, and numerous other proposed motions and documents, *see* Dkt. Nos. 4-4–4-11. The proposed petition challenged his judgment and sentence in Snohomish County Superior Court case number 06-1-01151-6. Dkt. No. 4-2 at 1–3.

United States Magistrate Judge Theresa L. Fricke recommended that the matter be dismissed without prejudice for lack of jurisdiction because Mr. Garvie's petition was a successive petition not authorized by the Ninth Circuit, and that his application to proceed in forma pauperis should be denied as moot. Dkt. No. 7 at 3. Over Mr. Garvie's objections, this Court adopted Judge

Fricke's R&R that the petition was "successive for purposes of 28 U.S.C. § 2244(b)." Dkt. No. 12 at 3–4. Because Mr. Garvie had "not provided evidence of prior authorization from the Ninth Circuit to file the petition," the Court "lack[ed] jurisdiction to reach the merits" of his petition and therefore dismissed it without prejudice to Mr. Garvie seeking authorization from the court of appeals to file a successive habeas petition. *Id.* at 4–5.

Mr. Garvie filed an appeal, Dkt. No. 16, which the Ninth Circuit denied, stating that Mr. Garvie failed to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dkt. No. 20 at 1 (citation modified).

Mr. Garvie now seeks relief from this Court's judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 23.

## II.    DISCUSSION

In his Motion for Relief from Judgment, Mr. Garvie argues only that there was a "procedural defect in the procur[e]ment of the judgment." Dkt. No. 23 at 2. He argues that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by asserting a procedural defense not made by respondent." *Id.* Therefore, he claims the judgment is void and seeks relief under Federal Rule of Civil Procedure 60(b)(4). *Id.*

Under Federal Rule of Civil Procedure 60(b)(4), the Court is permitted to grant relief from a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Mr. Garvie does not identify the "procedural defense" with which he takes issue, and even if he is referring to the Court's finding that his petition was successive, he fails to set forth any basis for relief. "Because a district court's ability to hear a second or successive petition is jurisdictional, the court may *sua sponte* dismiss the petition on that ground." *Duran v. Warden, Lancaster Prison*, No. 2:25-CV-09033-HDV-RAO, 2025 WL 2759567, at *1 (C.D. Cal. Sept. 26, 2025); *see also Burton v.*

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

*Stewart*, 549 U.S. 147, 152 (2007) ("We conclude, though, that because the 2002 petition is a 'second or successive' petition that [Petitioner] did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."). As explained in its Order adopting the R&R, the Court found that "Mr. Garvie ha[d] filed four previous petitions for writ[s] of habeas corpus under § 2254," making the petition in this case "successive." Dkt. No. 12 at 4. Therefore, the Court was "without jurisdiction to consider [the petition] because [Mr. Garvie] ha[d] not obtained authorization from the Ninth Circuit to proceed," *Id.* at 3.

### III.   CONCLUSION

Because Mr. Garvie is not entitled to relief under Federal Rule of Civil Procedure 60(b)(4), his Motion for Relief from Judgment is DENIED. Dkt. No. 23.

Dated this 1st day of December, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3